Fi. fa. attachment and plea of nulla bona. The plaintiff had a judgment in this Court, recovered two years ago, against Richard Johnson, on which the writ had been issued and laid in the hands of the defendants as his garnishees, on the 7th day of June, 1873, and returned to *Page 647 
the November Term of that year. A like writ on the judgment had been previously laid in their hands on the 31st of March and returned to the May Term preceding. The defendants were manufacturers and Johnson was a skillful and experienced hand in their branch of business, and had been in their service and employment for eight years as such, and whose position they could not conveniently supply, in case of his leaving it; and for that reason they entered into an agreement with him on the 1st of April following to prepay his wages weekly at eleven dollars per week, and which they had so regularly paid to him in advance ever since the date of their agreement. Their defence, therefore, was that they owed him nothing at the time when the writ first mentioned was laid in their hands, and had not owed him anything between that time and the return of it.
Bird, for the plaintiff. It was an unlawful combination between the garnishees, the defendants, and Johnson to evade and defeat the attachment, and particularly to prevent the execution and collection of the judgment due from him to the plaintiff, and was intended as a fraud, no less on the law and the process of this Court, than the rights of his creditor; and such a fraud as both equity and law abhors, and will not tolerate. Drake on Aliachru. secs. 450, 453, 463, 519, 671. 19 N. H. 548. 10 Penn. 61.20 Penn. 412. 19 Pick. 13.
Lore, for the defendants. May not any one in such a case lend or advance the debtor money under an express agreement between them at the time, that instead of being repaid in money, it shall be repaid in labor, or by any other means, or in any other way agreed upon by them? There was no fraud or wrong intended in this case by the garnishees, whom he represented in it, either upon the law, the process of the Court, or the legal rights of the plaintiff, as the creditor of Johnson. On the contrary, their sole object was to protect themselves against *Page 648 
the loss of his services in their employment from which he would inevitably have been driven by reason of the attachment, if this agreement on their part with him had not preceded the laying of it in their hands. And there was no legal or equitable duty or obligation then resting upon them in relation to the rights of the plaintiff, to prevent them from thus protecting themselves against such a loss or detriment in their business.
The Court, Wootten. J., (Gilpin, C. J., absent) charged the jury that the Court could not instruct them, as requested by the counsel for the plaintiff, that the agreement of the garnishees in the case to prepay the wages to Johnson as proved, and their prepayment of them pursuant to that agreement, was either a fraud upon the rights of the plaintiff in the suit and in the writ of attachment in question, or as against the object or policy of the statute under which it was issued, or was unlawful and void for either of those reasons, particularly as it appeared from the evidence and had not been denied, that the agreement was entered into a week before the attachment was lad in their hands, and the pre-payments of Johnson's weekly wages pursuant to the terms of it had since been regularly made by them.